United States District Court
Southern District of Texas
**ENTERED**
May 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RANDY DANIAL CANALES, § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:18-CV-01046 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department of § | |
| Criminal Justice - Correctional § | |
| Institutions Division, § | |
| *Respondent*. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Randy Canales, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison disciplinary conviction. Dkt. 1. Respondent did not file a response. After reviewing the record, the Court recommends that Canales' petition be denied without prejudice.

## BACKGROUND

Canales is currently serving a 3-year sentence for unlawfully possessing a firearm as a felon pursuant to the judgment of the 229th Judicial District Court of Duval County, Texas, delivered on September 9, 2014.[1] *See* Dkt. 1 at 2. A detailed procedural history is not necessary because Canales does not challenge his underlying conviction. Rather, Canales challenges the outcome of prison disciplinary hearing number 20180191808 held on March 27, 2018. Dkt. 1 at 4. In that hearing, Canales was found guilty of possessing a cell phone, and the disciplinary officer imposed a 45-day loss of recreation, commissary, and OTS. *Id.* Canales also forfeited 250 days of good-time credit. *Id.* Canales' appeal grievances are pending. *Id.*

In his petition for federal habeas corpus relief, Canales complains that he was denied due process during the disciplinary proceeding on one ground -- insufficient evidence. *Id.* at 5.

---

[1] *See* Offender Information Details, TDCJ No. 02113139, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=06149550.

## ANALYSIS

Summary judgment is proper when there exists no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This standard applies to habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The writ of habeas corpus is an extraordinary remedy available only to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Koetting v. Thompson*, 995 F.2d 37, 39 (5th Cir. 1993).

The protection of the Due Process Clause of the Fourteenth Amendment extends to prisoners involved in prison disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). However, not every "change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify as protected liberty interests under the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Mere changes in the conditions of confinement, such as cell restrictions and loss of commissary privileges, do not raise due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Canales lost recreation and commissary each for 45 days. These losses constitute nothing more than a change in his conditions of confinement, from which this Court cannot grant relief.

Canales also forfeited 250 days of good-time credit. Texas prisoners who are eligible for mandatory supervision have a constitutionally protected interest in their previously earned good-time credits. *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007). Canales is eligible for mandatory supervision, and whether the forfeiture of 250 days good-time credit affects the

duration of his sentence is a genuine question of fact. *See* TEX. GOV'T CODE ANN. § 508.149(a)(8); TEX. PENAL CODE ANN. § 46.04.

## CONCLUSION

Because Canales' disciplinary appeal is pending, the Court recommends that his petition be denied without prejudice. All remaining motions should be terminated as moot. The Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on April 27, 2018.

_____
Stephen Wm Smith
United States Magistrate Judge